LITTLE
ROCK,
Jan'y 1839

HESTER
vs.
MURPHY.

JOHN B. HESTER *against* BENJAMIN MURPHY.

ERROR *to Conway Circuit Court.*

In action of debt on writing obligatory, evidence that the plaintiff had borrowed a wagon of the defendant, which was to have been returned in four or five days, is not admissible to sustain a plea of payment.

TRAPNALL & COCKE, for plaintiff in error.

DICKINSON, *Judge*, delivered the opinion of the court:

This was an action commenced by *Hester* against *Murphy*, in the justice's court, founded upon a writing obligatory. Judgment was entered in favor of the plaintiff, from which *Murphy* appealed. On the trial *de novo* in the circuit court, *Murphy* pleaded payment, and the only evidence offered in support of his plea, was "that about the first of November or December, 1833, *Hester* borrowed of *Murphy*, a wagon, worth about eighty dollars, which was to have been returned in four or five days, but witness did not know whether the wagon had ever been returned or not." The counsel for *Hester* moved the court to exclude this testimony, upon the ground that it was inappropriate under the plea, because, if the wagon was not returned, *Hester* was responsible in cost, but not in contract; which motion was overruled by the court, and judgment rendered in favor of *Murphy*, for seventeen dollars, to reverse which, *Hester* now brings up the case by writ of error; the only question presented is, whether the evidence was proper under the plea of payment. We have looked into the cases, and can find no authority founded upon either reason or justice, by which a party would be permitted under this plea, to give in evidence a claim wholly uncertain and unliquidated; and although the common law rule has been somewhat changed by our statute, by permitting in some instances, counter demands to be off set under this plea, yet it is only where the plaintiff is indebted to the defendant by bond, bill, note, or book account, or other contract, *McCampbell's Dig. p.* 371; which evidently and clearly refers only to cases where there is an actual indebtedness arising *ex contractu*, not partaking of the character of torts. The judgment of the circuit court of Conway county must therefore be reversed, and this case remanded for further proceedings to be had therein, not inconsistent with this opinion.